**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0512n.06
Filed: August 20, 2008

**No. 07-4099**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PAPA AMADOU BA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| MICHAEL B. MUKASEY, Attorney | ) | |
| General of the United States, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.**

**PER CURIAM**. Petitioner Papa Amadou Ba petitions for review of the order of the Board of Immigration Appeals ("BIA") upholding the decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found that Ba was not a refugee within the meaning of the Immigration and Nationality Act because his claim of past persecution was based on an attack targeting his father that was not

politically motivated. Ba argues that (1) the IJ improperly failed to consider whether he suffered past persecution as a member of a particular social group, (2) he has a well-founded fear of future persecution and he is entitled to a rebuttable presumption to that effect, (3) the Congolese government is unable to control the Ninja militia, and (4) he is entitled to withholding of removal and CAT relief. Because there is no evidence that compels reversal of the IJ's decision, we DENY the petition for review.

**BACKGROUND**

Ba is a native and citizen of the Republic of the Congo who entered the United States without valid documentation. He and his family are members of the Lari tribe, losers of the country's most recent civil war. The winners of that war comprise the current Congolese government, which the Laris and the tribe's militant arm, the Ninjas, had opposed in the war. In March 2004, a group of armed guerillas, who Ba claimed were Ninjas, broke into his father's store and bound and beat him. They also located Ba in the back of the store and tied him up. While the Ninjas were discussing whether to kill his father, the police arrived and engaged them, creating a diversion that allowed Ba to escape.

Ba fled to Gabon where he arranged to travel to the United States using fraudulent travel documents. Before leaving Gabon for the United States, he learned of the killing of his father, presumably at the hands of the Ninjas.

Ba filed an application for asylum and withholding of removal in December 2004. The IJ denied his application, concluding that he had not suffered persecution. The IJ found no political nexus linking Ba to his father, as there was no indication that his father was targeted because of a political opinion in favor of the government. The IJ viewed the attack on Ba's father as a criminal extortion effort. Ba was only involved in this attack because he happened to be in the store at the time and he was neither directly targeted nor threatened.

The BIA adopted and affirmed the IJ's decision, adding that Ba failed to challenge on appeal the IJ's finding that the Ninjas are a group the government can control and failed to explain his claim that he suffered past persecution.

**ANALYSIS**

We directly review the IJ's decision where, as here, the BIA affirms the decision of the IJ without a substantive opinion. *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). We review the IJ's legal determinations de novo and the IJ's factual findings under the substantial evidence standard. *Id.*; *Berri v. Gonzales*, 468 F.3d 390, 395 (6th Cir. 2006).

Ba's claim of past persecution fails. Because he did not raise this claim in his appeal before the BIA, he waived it. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

Ba failed to demonstrate a well-founded fear of future persecution.[1]  To do so,

he must show both that his fear is genuine and that a reasonable person, under the

same circumstances, would share that fear.  *Berri*, 468 F.3d at 396 (citing *Rreshpja*

*v. Gonzales*, 420 F.3d 551, 555 (6th Cir. 2005)).  Ba bases his fear of future

persecution on the single attack against his father, but he has failed to show that, were

he to return to his country, he would face a risk of a similar attack that would rise to

the level of persecution.  Even if he could demonstrate a subjective, genuine fear of

future persecution, he presents no evidence of an objective fear–that is, that a

reasonable person in his circumstances would share a similar fear of persecution.[2]

This case is analogous to *Akhtar v. Gonzales*, in which the alien's parents (and

not the alien) were targeted and killed for their political beliefs–beliefs the alien did

---

[1] Because Ba has failed to establish that he was subjected to past persecution, he is not entitled to the rebuttable presumption of a well-founded fear of future persecution.  8 C.F.R. § 208.13(b)(1); *Berri*, 468 F.3d at 396.

[2] Ba, in his reply brief, says there has been a fundamental change of circumstances in the Congo since he fled in 2004.  He seeks recognition of a number of documents published in 2007 for the purpose of updating the court with more recent information regarding the state of affairs in Congo.  We do not consider these reports as a part of our holding because the IJ did not consider them.  Even if they were a part of the record, these articles do not point to changes that support Ba's claim of a well-founded fear of future persecution.  The articles plainly place the focus of current Congolese trouble on medical and infrastructure deficiencies and minimize references to post-2003 ceasefire violence, referring to remaining violent entities as "former rebels," "bandits claiming to be rebels," and "gangsters," and suggesting victims are the poor, train passengers, and foreign aid workers.  The articles paint a more positive picture of the current political landscape than Ba's testimony suggests.  The leader of post-ceasefire Ninja operations, Pasteur Ntumi, has disarmed his group and transformed it into a political party, which by Congolese law may neither have weapons nor support militias.

not share. 406 F.3d 399, 402 (6th Cir. 2005). In holding that the alien failed to establish a well-founded fear of future persecution on account of family membership, we noted that "although acts of violence against an alien's family members may demonstrate a well-founded fear of persecution, absent a pattern of persecution tied to the asylum applicant himself . . . acts of violence against family members do not necessarily demonstrate a well-founded fear of persecution." *Id.* at 405 (quoting *Gebremaria v. Ashcroft*, 378 F.3d 734, 739 (8th Cir. 2004)).

Even if Ba could demonstrate that his fear is objectively reasonable, the record does not compel reversal of the IJ's determination that what happened to Ba's father was essentially extortion, and not "persecution" based on any of the statutorily protected grounds. Ba therefore has not demonstrated that he has a well-founded fear of persecution. We do not address Ba's new argument that he has demonstrated a well-founded fear of persecution based on his membership in a social group–his family–because Ba waived this argument by failing to raise it below.

By failing to raise before the BIA his claim that the government is unable to control the Ninja militia, Ba waived it. *Ramani*, 378 F.3d at 560.

Ba must establish a "clear probability" of persecution for withholding of removal to avoid deportation. *Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008). This burden of proof is a higher one than that required for asylum. *Id.*

Because Ba's asylum claim failed, so must his claim for withholding of removal.

Ba failed to raise his CAT claim before the BIA, thereby waiving it. 8 U.S.C. § 1252(d); *Ramani*, 378 F.3d at 558.

PETITION DENIED.